IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRUCE W. BOWMAN, III AND<br>PAMELA J. BOWMAN,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 3:14-cv-04036-B |

## DEFENDANT'S ORIGINAL COUNTERCLAIM

Defendant CitiMortgage Inc. ("CitiMortgage," "Defendant" or "Counter-Plaintiff") hereby asserts its Original Counterclaim for judicial foreclosure against Plaintiffs Bruce W. Bowman, III and Pamela J. Bowman ("Plaintiffs" or "Counter-Defendants") in accordance with the Federal Rules of Civil Procedure, and respectfully shows the Court as follows:

## I.
## PARTIES

1. Defendant/Counter-Plaintiff has appeared in this lawsuit for all purposes and may be served through its counsel of record, Robert T. Mowrey, Jennifer K. Parnell, and Alexandra A. LoCasto of Locke Lord LLP, 2200 Ross Ave., Suite 2200, Dallas, Texas 75201.

2. Plaintiffs/Counter-Defendants have appeared in this lawsuit for all purposes and may be served through their counsel of record, Evan Lane (Van) Shaw and Janet R. Randle of the Law Offices of Van Shaw, 2723 Fairmount, Dallas, Texas 75201.

## II.
## JURISDICTION AND VENUE

3. The Court has jurisdiction over Defendant's counterclaim pursuant to 28 U.S.C. §§ 1332 and 1367. Defendant and Plaintiffs are citizens of different states and the amount in

controversy exceeds the sum of $75,000. Furthermore, the counterclaim is so related to the claims asserted in the underlying lawsuit such that the Court has supplemental jurisdiction.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the real property at issue is located in Dallas County, Texas, and Dallas County is located within this judicial district and division. Venue is also proper because Plaintiffs filed the underlying action within this district and division, and a substantial part of the events or omissions giving rise to the counterclaim occurred within this judicial district and division.

### III.
### FACTS

5. On or about February 27, 2007, Plaintiffs executed a Texas Home Equity Note (the "Note") in the principal amount of nine hundred seventy five thousand dollars and No/100 cents ($975,000.00) payable to ABN Amro Mortgage Group, Inc. to obtain a loan on the real property legally described as

> LOT 19, BLOCK 6 OF LOMA LINDA ADDITION, SECTION 1, AN ADDITION TO THE CITY OF UNIVERSITY PARK, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 3, PAGE 250, MAP RECORDS, DALLAS COUNTY, TEXAS

and more commonly known as 4429 Potomac Avenue, Dallas, Texas 75205 (the "Property"). A true and correct copy of the Note (without its allonge) is attached hereto as **Exhibit A** and is incorporated herein by reference. On information and belief, the Property was used as Plaintiffs' residence.

6. Contemporaneously with Plaintiffs' execution of the Note, Plaintiffs executed the Texas Home Equity Security Instrument (First Lien) (hereinafter referred to as the "Deed of Trust") (the Note and Deed of Trust are collectively referred to as the "Loan"), which granted a security interest in the Property to ensure repayment of the Note. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B**, and is incorporated herein by reference. By

executing the Deed of Trust, Plaintiffs conveyed the Property to a trustee, as described in more detail in the Deed of Trust. *See* Exh. B, p. 1, ¶ (D), and p. 2. The Deed of Trust is filed under Document No. 20070086508 of the Official Public Records of Real Property of Dallas County, Texas.

7. In addition, on or about February 23, 2007, Plaintiffs executed a Texas Home Equity Affidavit and Agreement ("Affidavit and Agreement"). A true and correct copy of the Affidavit and Agreement is attached hereto as **Exhibit J** and is incorporated herein by reference. The Affidavit and Agreement is filed under Document No. 20070086509 of the Official Public Records of Real Property of Dallas County, Texas.

8. CitiMortgage became the owner and holder of the Note and Deed of Trust when CitiMortgage merged with ABN Amro Mortgage Group, Inc. in August 2007. A true and correct copy of the Certificate of Merger is attached hereto as **Exhibit C** and is incorporated herein by reference.

9. Pursuant to the Note, Plaintiffs promised to pay the sum of $975,000.00, in monthly installments of principal and interest in the amount of $6,003.24, beginning April 1, 2007, and continuing each month until paid in full. Exh. A, ¶¶ 1-3. The Note and Deed of Trust provide that if there is any default in the payment of any installment when due or in the performance of any agreement set forth in the Note, the holder may elect to accelerate the maturity date of the Note, in which event the remaining unpaid balance becomes immediately due and payable. Exh A, ¶ 6(C); Exh B, ¶ 21.

10. In 2010, Plaintiffs became delinquent on the monthly payments owed under the Loan, and the Loan has been chronically delinquent ever since. Currently, the Loan is due for

the October 1, 2010 payment. Plaintiffs have defaulted on their payment obligations under the Note by failing to submit monthly payments as agreed.

11. CitiMortgage sent notices to Plaintiffs regarding possible loss mitigation options. Plaintiffs failed to submit the requested documentation needed to evaluate their loan for loss mitigation options. Foreclosure proceedings were postponed while CitiMortgage explored potential loss mitigation options with Plaintiffs but resumed when Plaintiffs failed to submit the required documentation after numerous requests.

12. On February 11, 2011, CitiMortgage sent a notice of default ("2011 Notice of Default") to Plaintiffs at the Property address by certified mail. A true and correct copy of the 2011 Notice of Default sent to Plaintiffs is attached hereto as **Exhibit D**, and is incorporated herein by reference. Plaintiffs failed to cure the default under the Loan as demanded.

13. On March 25, 2011, CitiMortgage sent separate correspondence to Plaintiffs at the Property address by certified mail notifying them of the acceleration of the maturity of the Note (the "March 2011 Notices of Acceleration"). True and correct copies of the March 2011 Notices of Acceleration sent to Plaintiffs are attached hereto as **Exhibit E**, and are incorporated herein by reference.

14. On October 21, 2011, CitiMortgage again sent separate correspondence to Plaintiffs notifying them of the acceleration of the maturity of the Note (the "October 2011 Notices of Acceleration").[1] True and correct copies of the October 2011 Notices of Acceleration sent to Plaintiffs are attached hereto as **Exhibit F**, and are incorporated herein by reference.

---

[1] Plaintiffs' attorney, Van Shaw, sent correspondence to foreclosure counsel for CitiMortgage on or about October 13, 2011 demanding that foreclosure counsel not communicate directly with Plaintiffs. A true and correct copy of the October 13, 2011 correspondence from Plaintiffs' counsel is attached hereto as **Exhibit K**. Because of Plaintiffs' attorney's demands to cease direct communication with Plaintiffs at that juncture, the October 2011 Notices of Acceleration were sent to Plaintiffs through their attorney.

15. On November 6, 2013, CitiMortgage sent a notice of default ("2013 Notice of Default") to Plaintiffs at the Property address by certified mail. A true and correct copy of the 2013 Notice of Default sent to Plaintiffs is attached hereto as **Exhibit G**, and is incorporated herein by reference. Pursuant to the 2013 Notice of Default, CitiMortgage gave Plaintiffs the opportunity to cure the delinquency by paying only the past due payments and charges (as opposed to the accelerated balance on the Loan) by December 11, 2013, which at that point totaled $306,218.34. *See id*. Plaintiffs failed to make the cure payment demanded by the 2013 Notice of Default.

16. On January 22, 2014, CitiMortgage sent another notice of default ("2014 Notice of Default") to Plaintiffs at the Property address by certified mail. A true and correct copy of the 2014 Notice of Default sent to Plaintiffs is attached hereto as **Exhibit H**, and is incorporated herein by reference. The 2014 Notice of Default is the operative notice of default. Plaintiffs failed to cure the default as demanded by the 2014 Notice of Default.

17. As a result of Plaintiffs' default and refusal and failure to cure such default, and in accordance with the terms of the Note and Deed of Trust, CitiMortgage elected to accelerate the maturity date of the Note, and CitiMortgage notified Plaintiffs of the acceleration of the maturity of the Note by separate notices sent to Plaintiffs at the Property address by certified mail and dated March 13, 2015 (the "2015 Notices of Acceleration"). True and correct copies of the separate Notices of Acceleration sent to Plaintiffs via certified mail are attached as **Exhibit I**, and are incorporated by reference. The 2015 Notices of Acceleration were also sent to Plaintiffs through their attorney. *See* Exh. I.

18. Plaintiffs have not paid the remaining Loan balance due. The entire outstanding balance of the Loan, which includes unpaid principal, interest and all other lawful charges,

remains due and owing. The 2015 Notices of Acceleration are the operative notices of acceleration. CitiMortgage abandoned its 2011 acceleration when it sent the 2013 Notice of Default as Plaintiffs were given the opportunity to cure the default by paying only the past due sums on the Note, as opposed to the full accelerated balance on the Loan. *See* Ex. G (noting that "[f]ailure to cure the default by 12/11/2013 *will result in the acceleration* of the loan.") (emphasis added). This correspondence is sufficient by itself to constitute abandonment of the 2011 accelerations of the Loan. *See Leonard v. Ocwen Loan Servicing, LLC*, No. H–13–3019, 2014 WL 4161769, at *2 (S.D. Tex. Aug. 19, 2014); *Boren v. U.S. Bank, N.A.*, No. H-13-2160, 2014 WL 5486100 at *1-2 (S.D. Tex. Oct. 29, 2014).

19.     Upon information and belief, Plaintiffs are not members of the National Guard or United States Military and/or have not applied for relief under the provisions of the Servicemembers' Civil Relief Act of 2003.

20.     All conditions precedent to CitiMortgage's right to enforce the Note and Deed of Trust and to obtain the relief requested have been performed or have occurred.

## IV.
## CLAIM FOR JUDICIAL FORECLOSURE OF HOME EQUITY LOAN

21.     CitiMortgage hereby incorporates for all purposes the allegations set forth in each paragraph stated above.

22.     A debt now exists that is owed by Plaintiffs. The Deed of Trust and the Property secure a valid home equity lien that conforms to the requirements of Tex. Const. art. XVI, § 50(a)(6). Plaintiffs are in default for failure to pay the amounts required under the Note and Deed of Trust when due. The requisite notices of demand to cure the default, intent to accelerate, and acceleration of the maturity of the debt have been given to Plaintiffs in accordance with the Deed of Trust, Section 51.002 of the Texas Property Code, and applicable

law. Upon information and belief, Plaintiffs are not serving on active military duty and do not have rights or relief related under the Servicemembers Civil Relief Act of 2003.

23. As a result of Plaintiffs' default, CitiMortgage has been damaged in the amount of the entire outstanding balance of the Loan, which includes unpaid principal and interest as well as any and all other lawful charges that are secured by the Deed of Trust. CitiMortgage seeks judgment against Plaintiffs for establishment and foreclosure of the lien created by the Deed of Trust executed to secure Plaintiffs' obligations under the Note and Security Instrument, and an order to sell the Property.

24. All conditions precedent to CitiMortgage's right to enforce the Note and Deed of Trust and to obtain the relief requested have been performed or have occurred.

25. CitiMortgage does not seek to hold Plaintiffs personally liable under the Note, but rather seeks to be made whole exclusively through enforcing its rights in the Deed of Trust to foreclose on the Property.

## V.
## CLAIM FOR AWARD OF ATTORNEYS' FEES *IN REM*

26. CitiMortgage hereby incorporates for all purposes the allegations set forth in each paragraph stated above.

27. CitiMortgage further seeks an award of its attorney fees on an *in rem* only basis. CitiMortgage does not attempt to hold Plaintiffs personally liable for the attorney fees, but seeks recovery of its fees as part of the Note balance that may be satisfied through the foreclosure sale of the Property under the applicable Loan documents. *See Huston v. U.S. Bank Nat'l Ass'n*, -- F. Supp. 2d --, No. H-12-3735, 2013 WL 7869183, at *9 (S.D. Tex. Dec. 19, 2013); *see also Erickson v. Wells Fargo Bank, NA as Trustee etc.*, No. 09-11933, 2012 WL 4434740, at *13 (W.D. Tex. Sept. 24, 2012).

# VI.
# **PRAYER**

WHEREFORE, CitiMortgage prays for the following relief:

a. An order foreclosing the lien evidenced by the Deed of Trust and ordering the sale of the Property;

b. Interest accrued and accruing through the date of judgment as provided under the Note and Deed of Trust;

c. An order awarding CitiMortgage its attorneys' fees incurred in enforcement of the Note and Deed of Trust on an *in rem* basis such that the fees may be paid through the foreclosure sale of the Property;

d. Post-judgment interest on all such amounts as permitted by law from the date of judgment until paid at the maximum rate allowed by law; and

e. For such other and further relief, general and special, at law and in equity, to which CitiMortgage may be entitled.

Respectfully submitted,

/s/ Jennifer Kinney Parnell

**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jennifer Kinney Parnell**
  State Bar No. 24055779
  jkinney@lockelord.com
**Alexandra A. LoCasto**
  State Bar No. 24087938
  alocasto@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 (telephone)
(214) 740-8800 (facsimile)

**ATTORNEYS FOR DEFENDANT CITIMORTGAGE, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 24th day of March 2015, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system, and/or facsimile, and/or CMRRR, and/or email pursuant to the Federal Rules of Civil Procedure.

  Evan Lane (Van) Shaw
  Janet R. Randle
  Law Offices of Van Shaw
  2723 Fairmount
  Dallas, Texas 75201

/s/ Jennifer Kinney Parnell
Counsel for Defendant