UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE W. BOWMAN, III, and PAMELA J. BOWMAN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-CV-4036-B |
| CITIMORTGAGE, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER OPINION

Before the Court is Defendant CitiMortgage Inc.'s (CitiMortgage) Motion to Compel Payments into the Court's Registry. Doc. 88. For the reasons stated, the Court **DENIES** the motion.

Since 2011, lender CitiMortgage alleges it has been trying to get Plaintiffs Bruce and Pamela Bowman to cure their default on their home loan. *Id.* at 4. In 2014, the Bowmans filed this suit against CitiMortgage for violating the Texas Debt Collection Act. *See* Doc. 84, Pls.' Amend. Compl., ¶¶ 33–43. This suit stayed the Bowmans' foreclosure proceeding. *Id.* at ¶¶ 46–49; *see also* Tex. R. Civ. P. 736.11; *Featherston v. DRRF II SPE, LLC*, No. 15-CV-375 (RCL), 2017 WL 3908169, at *3 (W.D. Tex. Sept. 5, 2017). CitiMortgage alleges the Bowmans have been living in their home for the last seven years without paying their mortgage. Doc. 88, Def.'s Mot. to Compel Payment, 1. The Court may cure this inequity, CitiMortgage says, by using its inherent power to order the Bowmans to make monthly payments of $4365.81 and a lump sum equal to the total escrow arrearage to the Court's registry until the Court resolves this matter. *Id.* at 11–12.

Federal courts possess inherent powers, or in other words, powers that exist by virtue of the

-1-

courts' creation, not by statute. *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 561 (3d Cir. 1985); *see also United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812) ("Certain implied powers must necessarily result to our Courts of justice from the nature of their institution."). Courts use inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962). There are three categories of inherent powers. The first includes powers that are "so fundamental to the essence of a court as a constitutional tribunal that to divest the court of absolute command within this sphere is really to render practically meaningless the terms 'court' and 'judicial power.'" *Eash*, 757 F.2d at 562. For example, a court can use its inherent power under this category to thwart "legislative attempts to interfere with the core inherent powers of the judicial branch." *In re Stone*, 986 F.2d 898, 901 (5th Cir. 1993); *see e.g.*, *United States v. Klein*, 80 U.S. (13 Wall.) 128, 146–47 (1872). The second category encompasses powers that are "necessary to the exercise of all others," *Hudson*, 11 U.S. at 34, like the power to sanction parties. *In re Stone*, 986 F.2d at 902; *see also Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). The third category includes powers "reasonably useful to achieve justice." *In re Stone*, 986 F.2d at 902. "This category of powers recognizes that the legislature cannot foresee every tool the courts might need to employ to reach a just result in all cases." *Id.* For example, a court can use its inherent power to "appoint an auditor to aid in litigation involving a complex commercial matter." *Id.*

CitiMortgage argues in its motion that ordering the Bowmans to pay their mortgage to the Court's registry is one of this Court's inherent powers under the third category. *See* Doc. 88, Def.'s Mot. to Compel Payment, 11. To convince the Court that it possesses this inherent power, CitiMortgage cites *In re Villa Marina Yacht Harbor, Inc.*, 984 F.2d 546 (1st Cir. 1993). The district

court in *Villa Marina* used its inherent power to order a party to "deposit with the Clerk of Court . . . the past due mortgage payment and [to] continue making such deposits as the payments come due for the duration of the litigation of this case." *Id.* at 546. The defendant argued on appeal that "the district court lacked authority to issue [that] order." *Id.* at 547. The First Circuit affirmed the district court's decision because the defendant admitted in its pleadings that "it owe[d] [its lender] the principal sum and interest" and was "willing to post the funds directly to [the lender] if [the lender] reinstate[d] the mortgage and [allowed the defendant] to pursue its counterclaims." *Id.* at 548–49. Under those circumstances, "an order directing [the defendant] to deposit the monthly mortgage payments into an interest-bearing court account as they become due . . . would be routine." *Id.* at 548.

Assuming without deciding that the Court possesses this particular inherent power, the Court chooses not use it in this case. Unlike the defendant in *Villa Marina*, the Bowmans have not admitted that they owe or will pay CitiMortgage the amounts it seeks. *See* Doc. 84, Pls.' Amend. Compl., ¶¶37–43. Indeed, the Bowmans claim that CitiMortgage impermissibly inflated the amount it says they owe. *See id.* Ordering the Bowmans to pay their mortgage to the Court's registry without an accompanying judgment would be premature. So the Court **DENIES** CitiMortgage's motion. Doc. 88.

**SO ORDERED.**

**SIGNED: October 30, 2017**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE