UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE W. BOWMAN, III, and PAMELA J. BOWMAN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-CV-4036-B |
| CITIMORTGAGE, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant CitiMortgage Inc's (CitiMortgage) motion to dismiss.[1] Doc. 104. For the reasons that follow, the Court **GRANTS** the motion and **DISMISSES** the Bowmans' complaint with prejudice.

## I.

## BACKGROUND[2]

This is a foreclosure case. In February 2007, Plaintiffs Bruce and Pamela Bowman (Bowmans) executed a $975,000 note. Doc. 84-1, Tex. Home Equity Note, 1. The note and the contemporaneously executed security instrument allow CitiMortgage to accelerate the note and foreclose on the Bowmans' home if they default. *Id.* at 2–3. In October 2010, the Bowmans defaulted by failing to pay their mortgage. *See* Doc. 84, Pl.'s Fourth Am. Compl., ¶¶ 14–15. From February

---

[1] The Court construes CitiMortgage's motion for summary judgment, Doc. 104, as a motion to dismiss for the reasons explained in this Order.

[2] The Court draws its factual account from the Bowmans' fourth amended complaint. Doc. 84.

2011 to January 22, 2014, CitiMortgage sent the Bowmans various notices of default and acceleration and corresponded with them by phone. *Id.* ¶¶ 18–24. The Bowmans have not made a payment since their default in 2010. *Id.* ¶¶ 14–15.

In November 2014, CitiMortgage removed the case to this Court. Doc. 1. Three years and three amended complaints later, the Bowmans moved the Court for leave to file a fourth amended complaint on May 17, 2017. Doc. 56. At a hearing held on August 14, 2017, the Court permitted the Bowmans to re-plead their Texas Debt Collection Act (TDCA) claim in their fourth amended complaint. Doc. 77. The Court also prohibited CitiMortgage from filing any additional motions under Federal Rule of Civil Procedure 12(b) because of how long the case had been pending.

That December, CitiMortgage moved for summary judgment. Doc. 104. In its accompanying brief, CitiMortgage asks the Court to apply the 12(b)(6) standard to the Bowmans' complaint because it does not reference specific provisions of the TDCA. Doc. 105, Def.'s Br. in Supp., 12–13. The Bowmans responded that CitiMortgage should be able to figure out what sections of the TDCA their complaint is based on by looking at the complaint's factual allegations. Doc. 111, Pls.' Resp., 36. On March 13, 2018, the Court issued the following order:

> ELECTRONIC ORDER: After reviewing the summary-judgment briefing and Plaintiffs' Fourth Amended Complaint, the Court has determined that Plaintiffs' TDCA claim is more appropriately resolved pursuant to Fed. R. Civ. P. 12(b)(6) as opposed to Fed. R. Civ. P. 56. Defendant CitiMortgage has already challenged the sufficiency of the Bowmans' TDCA claim in its briefing. Doc. 105, Def.'s Br., 12–13. The Court therefore ORDERS the Plaintiffs to demonstrate why their TDCA claim should not be dismissed by April, 2, 2018. Defendant may respond by April 9, 2018.

Doc. 122. The Bowmans submitted additional briefing, Doc. 123, to which CitiMortgage replied, Doc. 124.

Having considered the parties' additional briefing, and in light of the complaint's facial

deficiencies, the Court agrees with CitiMortgage that the Court should evaluate the Bowmans' TDCA claim under the motion-to-dismiss standard rather than the summary-judgment standard.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes the Court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

In order to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III.

## ANALYSIS

CitiMortgage argues in its motion that the Court should dismiss the Bowmans' TDCA claim because they do not connect their factual allegations to a specific provision of the TDCA. Doc. 105,

Def.'s Br. in Supp., 12–13. The Bowmans assert that their factual allegations are specific enough that CitiMortgage should be able to do the connecting for them. Doc. 111, Pls.' Resp., 36. The Bowmans also "name . . . a few" examples of specific TDCA provisions CitiMortgage violated given the factual allegations in their complaint. *Id.* at 35–36.

The Court agrees with CitiMortgage. Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs to give defendants fair notice of their claims in the complaint. *See Twombly*, 550 U.S. at 555. If a plaintiff fails to connect his factual allegations to a specific provision of the TDCA, he has failed to give the defendant fair notice, which warrants dismissal under 12(b)(6). *See Massaquoi v. LoanCare, LLC*, No. 4:17-CV-00478-O-BP, 2017 WL 4326691, at *2 (N.D. Tex. Sept. 13, 2017) ("[V]aguely referring to sections or provisions of the Texas Debt Collection Act is not a sufficient pleading to overcome dismissal under Rule 12(b)(6)."); *O'Neill v. CitiMortgage, Inc.*, No. 413-CV-656-O, 2014 WL 1199338, at *4 (N.D. Tex. Mar. 24, 2014)(dismissing TDCA claim because the plaintiffs "failed to identify a specific provision of the TDCA that Defendant allegedly violated"); *Aguirre v. Nationstar Mortg. LLC*, No. CIV.A. H-13-3199, 2014 WL 125957, at *3 (S.D. Tex. Jan. 13, 2014) (same); *Birdow v. Allen*, No. A-13-CV-709-LY, 2013 WL 4511639, at *3 (W.D. Tex. Aug. 23, 2013) (same); *Platero v. Bank of Am., N.A.*, No. 3:11-CV-3421-M, 2012 WL 2368465, at *3 (N.D. Tex. May 25, 2012) (same); *cf. Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 471 (W.D. Tex. 2011) (finding that attorney brought TDCA claim in bad faith because at "no point [did the plaintiff] make any effort to connect his factual allegations to a specific section of the [TDCA]").

The Bowmans assert in their complaint that CitiMortgage violated the TDCA generally but do not cite specific TDCA provisions. In their response to CitiMortgage's motion, the Bowmans give examples of TDCA sections CitiMortgage's conduct could fall under. Doc. 35, Pls.' Resp., 35

(naming "just a few of [the Bowmans'] allegations that fit into the range of statutes alleged to be violated by" CitiMortgage). But the Bowmans' examples do not give CitiMortgage much more notice than it had before because it is still unclear what TDCA sections the Bowmans are relying on. The Bowmans' response to the Court's order to show cause is likewise unilluminating. Doc. 123. So even after the Court gave the Bowmans several chances to nail down their TDCA claim, CitiMortgage still lacks a clear picture of what claims the Bowmans are bringing.

Some courts parse through the TDCA themselves or allow amendment when plaintiffs fail to cite specific sections of the TDCA. *See, e.g.*, *O'Neill*, 2014 WL 1199338, at *4 (permitting plaintiff to file an amended complaint after dismissing for failure to cite specific provisions of the TDCA); *Garcia v. Bank of N.Y. Mellon*, No. 3:12-CV-0062-D, 2012 WL 692099, at *3 (N.D. Tex. Mar. 5, 2012) (connecting plaintiffs' factual allegations to a specific TDCA provision even when they did "not cite the specific provision of the TDCA"). But the Court refuses to do either here because the Bowmans' history of deficient pleadings proves that amendment would be futile. *Wininger v. Bank of Am., N.A.*, 621 F. App'x 297, 298 (5th Cir. 2015) (affirming district court's denial of motion for leave to amend because the plaintiff "had sufficient prior opportunities to amend or supplement the facts alleged in his complaint").

## IV.

## CONCLUSION

For the reasons stated, the Court **GRANTS** CitiMortgage's motion and **DISMISSES** the Bowmans' complaint with prejudice.

SO ORDERED.

SIGNED: April 20, 2018.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE