UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE W. BOWMAN, III, and PAMELA J. BOWMAN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-CV-4036-B |
| CITIMORTGAGE, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant CitiMortgage Inc.'s (CitiMortgage) motion for summary judgment. Doc. 104. For the reasons stated, the Court **GRANTS** the motion.

## I.

## BACKGROUND[1]

The Court has stated the facts of this foreclosure case several times. *Bowman v. CitiMortgage, Inc.*, No. 3:14-CV-4036-B, 2018 WL 1899200, at *1 (N.D. Tex. Apr. 20, 2018); *see also Bowman v. CitiMortgage Inc.*, No. 3:14-CV-4036-B, 2015 WL 4867746, at *1–2 (N.D. Tex. Aug. 12, 2015); Doc. 101, Mem. & Op. Order, 1. To summarize, Plaintiffs Bruce and Pamela Bowman (Bowmans) have not made a payment on their $975,000 mortgage since October 2010. Doc. 105, Def.'s Br. in Supp., 5–6. The Court has dismissed all of the Bowmans' claims against CitiMortgage. *See, e.g.*, *Bowman*, 2018 WL 1899200, at *1 (dismissing with prejudice the Bowmans' claim under the Texas

---

[1] The Court derives the facts of this case from the summary-judgment briefing and record. Any facts that are disputed will be so noted.

Deceptive Practices Act for failing to plead what sections CitiMortgage allegedly violated). So all that is left to resolve at the summary-judgment stage is CitiMortgage's counterclaim for judicial foreclosure. The Bowmans argue that the Court cannot grant summary judgment because there is a genuine issue of material fact regarding whether CitiMortgage has authority to foreclose. Doc. 111-1, Pls.' Resp., 19–21, 42–43. CitiMortgage's motion is ripe for resolution.

## II.

## LEGAL STANDARD

Courts must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute "is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." *Burrell v. Dr. Pepper/Seven Up Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007). And a fact "is 'material' if its resolution could affect the outcome of the action." *Id.*

The summary-judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). So the movant must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Once the movant has produced evidence on an element or claim or alleged the non-movant has no evidence, the non-movant must "identify specific evidence in the record" and "articulate the precise manner in which that evidence supports [its] claim" to show that a fact issue exists. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). And although the Court views evidence in the light most favorable to the non-movant when determining whether a genuine

issue exists, *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000), mere "metaphysical doubt as to material facts," "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla of evidence" will not save a non-movant from summary judgment, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (internal citations and quotation marks omitted).

## III.

### OBJECTIONS TO CITIMORTGAGE'S SUMMARY-JUDGMENT EVIDENCE

The Court must rule on the Bowmans' objections to CitiMortgage's summary-judgment evidence before it addresses CitiMortgage's judicial-foreclosure claim. The Bowmans object on various grounds to two declarations and most of CitiMortgage's accompanying exhibits, which make up the entirety of CitiMortgage's appendix. Doc. 111-1, Pls.' Resp., 4. The first declaration is from Linda R. Dominguez, an assistant officer in legal support at CitiMortgage. Doc. 106, Def.'s App., 1–5. She attached to her declaration the Bowman' note, security instrument, payment history, notices of default, a servicing transfer letter, and an assignment. *Id.* at 6–58. The Bowmans object to all of her attached exhibits. Doc. 111-1, Pls.' Resp., 4. The second declaration is from Becky Howell, the executive vice president for BDF Holdings, LP, an affiliated service provider for CitiMortgage's foreclosure counsel. Doc. 106, Def.'s App., 60. She attached to her declaration notices of acceleration, an email from the Bowmans' counsel, and various deposition excerpts. *Id.* at 64–120. The Bowmans object to all of Ms. Howell's exhibits except the deposition testimony. Doc. 111-1, Pls.' Resp., 4.

The Bowmans' objections fall into four categories. First, the Bowmans move to strike the declarations, arguing that neither Ms. Dominguez nor Ms. Howell has demonstrated personal knowledge of the content of their declarations. Doc. 111-1, Pls.' Resp., 5–11, 13–16. "An affidavit

or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The Fifth Circuit has repeatedly held that "an affidavit [is not based on personal knowledge] simply because the affiant states that her conclusions are based on personal knowledge. Rather, the affiant must provide the district court with sufficient information to allow the latter to conclude that the affiant's assertions are indeed based on such knowledge." *Meadaa v. K.A.P. Enters. L.L.C.*, 756 F.3d 875, 881 (5th Cir. 2014). "[P]ersonal knowledge may be implied by an employee's position in a corporate hierarchy . . . [and], in a corporate setting, may also be based—at least in part—on access to company records and reports, and not just personal presence during the events at issue." *Munoz v. Echosphere, L.L.C.*, No. 09-CV-0308-KC, 2010 WL 2838356, at *2 (W.D. Tex. July 15, 2010) (citing *DirecTV, Inc. v. Budden*, 420 F.3d 521, 529–30, n.40 (5th Cir. 2005); *see also Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) ("Personal knowledge may be demonstrated by showing that the facts stated reasonably fall within the sphere of responsibility of the affiant as a corporate employee." (internal quotation marks and citation omitted)).

The Court finds that Ms. Dominguez and Ms. Howell have personal knowledge. They declared under penalty of perjury that they have personal knowledge of the facts in their declarations, and their knowledge of this case can be inferred from their positions—Ms. Dominguez as an assistant officer for legal support for CitiMortgage and Ms. Howell as vice president of BDF Holdings. Doc. 106, Def.'s App., 2, 60–61. They declared that they had access to and reviewed the relevant documents in this case as part of their work duties. *Id.* The Court is satisfied that Ms. Dominguez and Ms. Howell have personal knowledge, so the Court **OVERRULES** the Bowmans'

objection. The Court likewise **OVERRULES** the Bowmans' objections related to the fact that Ms. Dominguez and Ms. Howell are not experts because their testimony is based on their personal knowledge of authenticated documents.

Second, the Bowmans make numerous unexplained hearsay objections. Doc. 111-1, Pls.' Resp., 5–11, 13–16. The Court **OVERRULES** them; the Bowmans have failed to articulate their hearsay arguments, and the Court will not do so for them. *De Franceschi v. BAC Home Loans Servicing, LP*, No. 4:09-CV-566-Y, 2011 WL 13233575, at *2 (N.D. Tex. Oct. 13, 2011) (overruling a swath of hearsay objections because the objecting party did not explain them).

Third, the Bowmans argue that admitting the notices of default and acceleration would violate the best evidence rule because CitiMortgage has not provided green cards (return receipts) as proof that the Bowmans actually received the notices. Doc. 111-1, Pls.' Resp., 5–11, 13–16. The so-called best evidence rule is Federal Rule of Evidence 1002: "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required." The Court **OVERRULES** this objection because the best evidence rule does not apply here. CitiMortgage is not attempting to "prove the content of a writing." *Id.* The Court **OVERRULES** the Bowmans' best-evidence-rule objections related to the servicing agreement and retainer contract for the same reason.

Fourth, the Bowmans question the authenticity of the declarations' attachments. Doc. 111-1, Pls.' Resp., 5–11, 13–16. The Court **OVERRULES** these objections because the declarants attested under penalty of perjury that the documents attached to their declarations are true copies of the original documents kept in the regular course of business. Doc. 106, Def.'s App., 5, 62.

# IV.

# ANALYSIS

CitiMortgage asserts it is entitled to summary judgment on its judicial-foreclosure claim because there is no genuine dispute that (1) a debt exists; (2) the debt is secured by a lien created under Tex. Const. art. XVI, § 50(a)(6); (3) the Bowmans are in default; and (4) the Bowmans were properly served with notices of default and acceleration. Doc. 105, Def.'s Br. in Supp., 31–35. The Bowmans do not contest these elements but assert in their response that the Court cannot grant summary judgment because there is a genuine dispute of material fact about whether CitiMortgage has authority to foreclose. Doc. 111-1, Pls.' Resp., 41–43. Specifically, the Bowmans argue that CitiMortgage cannot foreclose because it is not the note holder. *Id.*

The Court agrees with CitiMortgage that no issue of material fact exists on any of the four elements of judicial foreclosure and that it is entitled to judgment as a matter of law. "To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under [Tex. Const. art. XVI, § 50(a)(6) . . . ; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration." *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing Tex. Prop. Code § 51.002). CitiMortgage has presented undisputed evidence that the Bowmans took out a loan secured by a lien created under Tex. Const. art. XVI, § 50(a)(6), Doc. 106, Def.'s App., 2–3, 7–22, and the Bowmans defaulted on that loan by failing to make mortgage payments, *id.* at 3, 24–53. Furthermore, CitiMortgage has presented undisputed evidence that the Bowmans received proper notice of default and acceleration. A notice of default is proper if it complies with the Texas Property Code and the security instrument. *See Huston*, 988 F. Supp. 2d at

741. The Texas Property Code "requires the mortgage servicer to serve a debtor in default with written notice by certified mail stating that the note is in default and providing at least 20 days to cure before any notice of sale can be given." *Id.* (citing Tex. Prop. Code § 51.002(d)). And the security instrument requires the notice of default to specify the default, how to cure the default, when the Bowmans must cure the default (thirty days from the date of the notice), and that failure to cure the default will result in acceleration. Doc. 106, Def.'s App., 19. The Court finds that CitiMortgage's notices of default sent in February 2011, November 2013, and January 2014, comply with the Texas Property Code and the security instrument because they contain the required language. Doc. 106, Def.'s App., 45–53. And CitiMortgage's notices of acceleration sent in March 2011, October 2011, and March 2015 comply with Texas law because they plainly state that CitiMortgage has accelerated the Bowmans' loan. *Id.* at 64–69, 72–84; *see Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 565 (Tex. 2001) (holding that notices of acceleration much be "clear and unequivocal").

The Bowmans do not contest any of these elements. Instead, they argue that the Court cannot grant CitiMortgage's motion for summary judgment because there is a genuine dispute of material fact regarding whether CitiMortgage is their note holder. Doc. 111-1, Pls.' Resp., 21, 38–43. And they say that if CitiMortgage is not their note holder, then it does not have the authority to foreclose. *Id.* The Bowmans also assert that CitiMortgage is not their mortgage servicer, but even if it is, CitiMortgage cannot foreclose because it has not produced a servicing agreement indicating that it received permission from the mortgagee to foreclose on the mortgagee's behalf. Doc. 111-1, Pls.' Resp., 10–11, 19. CitiMortgage asserts in its reply that it can foreclose without the note because it is the mortgage servicer. Doc. 116, Def.'s Reply, 6–7.

The Court agrees with CitiMortgage. A party need not hold the note to foreclose. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254–55 (5th Cir. 2013); *see also Ericson v. Resurgent Capital Servs., L.P.*, 622 F. App'x 342, 344 (5th Cir. 2015) (explaining that the Fifth Circuit in *Martins* "squarely rejected" the argument that the authority to foreclose is possessed only by the note holder). Mortgage servicers and mortgagees may foreclose even when they do not hold the note. *Martins*, 722 F.3d at 254–55; *see also Flowers v. Deutsche Bank Nat'l Tr. Co.*, 614 F. App'x. 214, 216 (5th Cir. 2015) ("Under Texas Property Code §§ 51.002, 51.0025, the mortgagee or mortgage servicer may foreclose upon the property."). A mortgagee is "the grantee, beneficiary, owner, or holder of a security instrument . . . or if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.0001(4). A security instrument is "a deed of trust, mortgage, or other contract lien on an interest in real property." *Id.* § 51.0001(6); *see also Guzman v. Bank of N.Y. Mellon*, No. A-13-CV-085 LY, 2013 WL 12116405, at *3 n.1 (W.D. Tex. Apr. 16, 2013) ("Courts applying Texas law have regularly referred to security instruments granted in a home equity loan situation as deeds of trust."). A mortgage servicer is the "last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument. A mortgagee may be the mortgage servicer." Tex. Prop. Code § 51.0001(3). A mortgage servicer may foreclose if it obtains permission to do so in an agreement with the mortgagee and notifies the borrower that it represents the mortgagee in the foreclosure proceeding. *Martins*, 722 F.3d at 254–55; *see also* Tex. Prop. Code § 51.0025. "Thus, the Texas Property Code . . . permits [the mortgagee] either . . . to grant the mortgage servicer the authority to foreclose or, if [the mortgagee] is its own mortgage servicer, . . . to bring the foreclosure action itself." *Martins*, 722 F.3d at 255.

CitiMortgage has the authority to foreclose on the Bowmans' home because it is both the mortgagee and the mortgage servicer. *See, e.g.*, Doc. 106, Def.'s App., 74 ("CITIMORTGAGE, INC. is acting as the Mortgage Servicer for CITIMORTGAGE, INC., who is the Mortgagee of the Note and Deed of Trust associated with [the Bowmans'] loan."). It is the mortgagee because it obtained the security instrument from ABN Amro Mortgage Group, Inc. (ABN), the Bowmans' previous mortgage servicer, after acquiring ABN. Doc. 106, Def.'s App., 4; *see, e.g.*, *Ortiz v. Citimortgage, Inc.*, No. CIV.A. H-12-3580, 2014 WL 1416271, at *5 (S.D. Tex. Apr. 14, 2014) ("Because Citimortgage held the note after ABN AMRO Mortgage Group merged into Citimortgage, . . . Citimortgage clearly serviced the mortgage, Citimortgage had standing to foreclose."); *Croteau v. CitiMortgage, Inc.*, No. 4:12CV693, 2014 WL 119968, at *9 (E.D. Tex. Jan. 13, 2014) ("Under applicable state and federal law, ABN Amro and CitiMortgage were not required to execute a separate transfer or assignment of Plaintiff's Note and/or Deed of Trust."). And there is no genuine dispute that CitiMortgage is also the Bowmans' mortgage servicer because the parties so indicated in their pleadings. Doc. 84, Fourth Am. Compl., ¶ 13; Doc. 86, Def.'s Answer, ¶ 13. So CitiMortgage's status as the Bowmans' loan servicer is "conclusively binding" as a judicial admission no matter how hotly the Bowmans contest it now. *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983); *see also Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) ("[A] judicial admission . . . has the effect of withdrawing a fact from contention."). CitiMortgage can foreclose as the mortgagee.

CitiMortgage can also foreclose as the mortgage servicer if it has received permission from the mortgagee to do so in an agreement and if it has sent the Bowmans notice that it will represent the mortgagee, in this case, itself, in the foreclosure proceeding. *Martins*, 722 F.3d at 254–55 (5th Cir. 2013); *see also* Tex. Prop. Code § 51.0025. The Bowmans argue CitiMortgage cannot foreclose

as the mortgage servicer under Tex. Prop. Code § 51.0025(1) because CitiMortgage has not produced a servicing agreement indicating it received permission to foreclose from the mortgagee. Doc. 111-1, Pls.' Resp., 10–11, 19. The Court rejects the Bowmans' argument because evidence of such an agreement is unnecessary when the mortgagee and mortgage servicer are the same entity. Doc. 106, Def.'s App., 64–69, 72–84. When the mortgagee and the mortgage servicer are the same entity, as is the case here, requiring that entity to prove it entered into an agreement with itself to allow it to foreclose would be absurd. *Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dep't Stores, Inc.*, 15 F.3d 1275, 1285 (5th Cir. 1994) ("A well-accepted canon of statutory construction requires the reviewing court to avoid any interpretation that would lead to absurd or unreasonable outcomes."). And foregoing this requirement in these circumstances is consistent with § 51.0025 as a whole because § 51.0025 only applies when "[a] mortgage servicer [seeks to] administer the foreclosure *on behalf of a mortgagee*." § 51.0025 (emphasis added). If the mortgagee and the mortgage servicer are the same entity, then the mortgage servicer is foreclosing on its own behalf, not "on behalf of the mortgagee." *Id.* So § 51.0025(1) does not apply when the mortgagee and the mortgage servicer are the same entity, which means CitiMortgage's failure to include the actual servicing agreement, assuming one exists, is not fatal to CitiMortgage's ability to foreclose as the mortgage servicer, especially in light the notices of acceleration confirming CitiMortgage's authority. *See, e.g.*, Doc. 106, Def.'s App., 65 ("[CitiMortgage] is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee."). As far as notice goes, the notices of acceleration indicate that CitiMortgage represents the mortgagee, in this case, itself. Doc. 106, Def.'s App., 64–69, 72–84. Such notice is sufficient.

Servicing agreement or not, the Bowmans have not presented any evidence contesting

CitiMortgage's status as the mortgagee or mortgage servicer. The only evidence they produce on this subject indicates that CitiMortgage does not own or hold the note. *See, e.g.*, Doc. 111-1, Pls.' Resp., 41–43. But this evidence does not create a genuine dispute of material fact because CitiMortgage has never asserted that it owns or holds the note and, as discussed above, CitiMortgage does not have to be the note holder or owner to foreclose. In fact, the parties agree that Citizens Bank, N.A. is the current note holder/owner. Doc. 105, Def.'s Br. in Supp., 6; Doc. 111-1, Pls.' Resp., 41. So the Bowmans' contentions concerning CitiMortgage's status as the note holder are irrelevant and do not foreclose summary judgment.

In sum, the uncontroverted evidence indicates CitiMortgage has the authority to foreclose on the Bowmans' home without the note because it is the mortgagee and the mortgage servicer.

### IV.

### CONCLUSION

For the reasons stated, the Court **GRANTS** CitiMortgage's motion for summary judgment on its judicial-foreclosure claim. Doc. 104. The Court therefore **ORDERS** that CitiMortgage is authorized to foreclose on the Bowmans' home, commonly known as 4429 Potomac Avenue, Dallas, Texas 75205 pursuant to the note, the security instrument, and Tex. Prop. Code § 51.002. If CitiMortgage seeks attorney fees, it must do so in a motion by **June 1, 2018**.

**SO ORDERED.**

SIGNED: May 11, 2018.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE